UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 NOV 14  PM 4:37

CLERK

BY _____
DEPUTY CLERK

Frederick Hunter,      )
                       )
        Plaintiff,     )
                       )
        v.             )        Case No. 5:10-cv-206
                       )
Town of Shelburne, Shelburne    )
Police Department, Officer Bruce )
Beverlein, Officer Casco, and Sergeant )
Fortin,                )
                       )
        Defendants.    )

**ORDER GRANTING TOWN OF SHELBURNE'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT**
(Doc. 35)

In his Second Amended Complaint, Plaintiff Frederick Hunter alleges that he was
mistreated by officers of the Shelburne Police Department because of his race, sexual
orientation, and political beliefs. Pending before the court is the Town of Shelburne's
motion to dismiss. (Doc. 35.) The Town argues that it is entitled to dismissal because
Mr. Hunter's Second Amended Complaint does not allege sufficient facts to support a
claim of municipal liability. Mr. Hunter opposes dismissal. The Town is represented by
Nancy Sheahan, Esq. Mr. Hunter, who is currently incarcerated, is representing himself.

**I.      Factual and Procedural Background.**

Mr. Hunter claims that on the morning of February 4, 2009, police entered his
motel room while he was getting dressed. Upon entry, the officers allegedly removed his
eyeglasses, placed him in handcuffs, and transported him to a state courthouse in
Burlington, Vermont. When they arrived at the courthouse, Mr. Hunter was allegedly
placed in a "restraint chair" with a bag over his head, where he remained for six hours
despite crying out for help. Mr. Hunter claims that he was not told why he was being

detained, was never read his rights, did not speak with a lawyer, and never appeared before a judge.

Mr. Hunter further contends that he was denied his First Amendment right to talk to family and friends, and that he is being retaliated against because he is "a gay, black, Republican." (Doc. 30 at 5.) He claims that the denial of access to counsel and a judge denied his due process rights, that evidence used at trial was "fake," and that he was wrongfully detained for thirty days at the Vermont State Hospital. *Id.* at 9. For relief, he is seeking compensatory and punitive damages totaling $2 million, as well an injunction barring Defendants from conspiring against him.

Mr. Hunter initiated this case on August 26, 2010. He filed an Amended Complaint on January 25, 2011. The Town of Shelburne moved to dismiss the Amended Complaint, noting that Mr. Hunter had not made any allegations against the Town itself. The court granted the motion to dismiss, and after setting forth the legal requirements for a claim of municipal liability, granted Mr. Hunter leave to amend his claims. The court also granted the Shelburne Police Department's unopposed motion to dismiss. Mr. Hunter subsequently filed a Second Amended Complaint.

The Second Amended Complaint asserts that because the officers involved in Mr. Hunter's arrest and subsequent treatment were acting in their official capacities, the Town is a proper Defendant in the case. *Id.* at 3. Mr. Hunter further submits that, with respect to any potential claim against the Shelburne Police Department, "[l]ogic also suggests that where a damage award against a municipal department would be paid out of the municipality's treasury, the suit is ultimately against the municipality, not the specific department." *Id.* at 4. The Town now argues that these allegations are insufficient to state a plausible claim of municipal liability.

II.     **Conclusions of Law and Analysis.**

The Town submits its motion pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  In *Iqbal*, the Supreme Court set forth a "two-pronged" approach for analyzing a motion to dismiss.  129 S. Ct. at 1950.  First, a court must accept a plaintiff's factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor.  *Id.* at 1949–50.  This assumption of truth does not apply to legal conclusions, however, and thus "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949.

Second, a court must determine whether the complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief."  *Id.* at 1950.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

Accordingly, to survive the Town's motion to dismiss, Mr. Hunter must allege a "plausible" claim of municipal liability.  Municipal entities may be held liable for unconstitutional acts by their employees if the challenged actions were performed pursuant to a municipal policy or custom that caused the plaintiff's injury.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).  In alleging a policy or custom, Mr. Hunter does not need to claim that the Town had an explicitly stated rule or regulation.  *See DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (citation omitted).  An inference that a policy existed may be drawn from circumstantial proof, such as allegations that the municipality was deliberately indifferent to the need to train, monitor, or supervise employees, or had notice of but repeatedly failed to make any meaningful investigation into charges that its agents were violating citizens' constitutional rights.  *See id.* at 61-62 (citation omitted).  A single incident alleged in a complaint, "especially if it involved only actors below the policy-making level," is insufficient to support an inference of a municipal custom or policy.  *Id.* at 61 (citation omitted).  Also, the doctrine of *respondeat superior* does not apply to municipalities

being sued for unconstitutional conduct. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

Mr. Hunter's Second Amended Complaint does not contend that his treatment was caused by, or occurred pursuant to, an official custom or policy of the Town. Nor does he allege "a recurring pattern," or that the officers in question had been "the subject of complaints." *Brewster v. Nassau County*, 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004). Mr. Hunter's municipal claims in this case focus on a single arrest by identified police officers, and do not allege notice to the Town that these officers needed additional training, monitoring, or other supervision.

To the extent that the Second Amended Complaint makes reference to a policy, it alleges that the officers failed to follow established policies for the use of force; specifically, the use of a Taser. Mr. Hunter further alleges that "[t]he municipality and its officers did not follow the rules as stated in statu[t]e 13.05.3 tazer use. The municipality and it[]s officers failed in the use of force continuum." (Doc. 30 at 6.) These allegations suggest that policies were in place, but that the officers failed to adhere to those policies. Such allegations do not support – and in fact run contrary to – a claim of municipal liability. *See, e.g., Walker v. Shaw*, 2010 WL 2541711, at *7 (S.D.N.Y. June 23, 2010) (alleged failure to follow a policy "is the antithesis of a link between policy and action.").

The Second Amended Complaint also states that the officers in question were "Shelburne trained." (Doc. 30 at 7.) This limited allegation, however, does not state a claim of insufficient training. To establish a failure to train claim, a plaintiff must show that the failure "amounts to deliberate indifference to the rights of persons with whom the [employee comes] into contact." *Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (internal quotation marks omitted)). The Second Circuit has established three requirements that must be met before a municipality's failure to train constitutes deliberate indifference. *See Walker v. City of New York*, 974 F.2d 293, 300 (2d Cir. 1992).

> "First, the plaintiff must show that a policymaker knows 'to a moral certainty' that her employees will confront a given situation." *Id.* (citing

4

> *Harris*, 489 U.S. at 390 n.10, 109 S. Ct. 1197).  "Second, the plaintiff must
> show that the situation either presents the employee with a difficult choice
> of the sort that training or supervision will make less difficult or that there
> is a history of employees mishandling the situation." *Id.*  "Finally, the
> plaintiff must show that the wrong choice by the city employee will
> frequently cause the deprivation of a citizen's constitutional rights." *Id.* at
> 298.

*Jenkins*, 478 F.3d at 94.  Here, Mr. Hunter does not allege that his arrest and transport
constituted the sort of situation contemplated by the Second Circuit.  Nor does he allege
any facts to suggest deliberate indifference by Town officials.  Instead, his claims focus
on the actions of officers who were below the policy-making level, engaging in isolated
conduct that at times was contrary to written procedures, in violation of his constitutional
rights.  Moreover, his passing reference to the fact that the officers were "Shelburne
trained" comprises the sort of "conclusory statement" and "threadbare recital" that does
"not suffice" under the Federal Rules.  *Iqbal*, 129 S. Ct. at 1949.   The court therefore
finds that Mr. Hunter has failed to state a plausible claim against the Town of Shelburne,
and GRANTS the Town's motion to dismiss.

Before it finally dismisses all claims against the Town, the court must consider
whether controlling precedent requires granting additional leave to amend.  The Second
Circuit has instructed that "when addressing a *pro se* complaint, a district court should
not dismiss without granting leave to amend at least once when a liberal reading of the
complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*,
284 F.3d 411, 416 (2d Cir. 2002); *see also Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir.
1994).  In this case, the court's previous order set forth the legal standards for
establishing municipal liability, and granted Mr. Hunter leave to amend his claims against
the Town.  Nonetheless, the Second Amended Complaint fails to set forth the sorts of
factual claims that could lead to a finding of municipal liability.  Mr. Hunter's reply
memoranda (Docs. 46, 49, 50 and 51) do not supply the necessary factual and legal
support for a plausible claim against the Town.  The court therefore finds that, giving the
Second Amended Complaint the required liberal reading, no valid claim against the

Town of Shelburne has been stated.  Accordingly, the claims against the Town are DISMISSED WITHOUT PREJUDICE.

## Conclusion

For the reasons set forth above, the Town of Shelburne's motion to dismiss (Doc. 35) is GRANTED.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 14th day of November, 2011.

Christina Reiss, Chief Judge
United States District Court